UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN BRUDER,

        Plaintiff,                    Case No. 2:24-cv-13075

v.                                       Honorable Susan K. DeClercq
                                               United States District Judge

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 6) AND DISMISSING COUNTS I, II, AND III OF PLAINTIFF'S COMPLAINT**

In October 2024, Plaintiff Maryann Bruder sued Defendant Select Portfolio Servicing, Inc. Her complaint alleges that Defendant violated several state and federal laws by providing her with conflicting information about her mortgage assistance application and ultimately initiating foreclosure proceedings against her. Defendant now seeks dismissal of Plaintiff's entire complaint but provides arguments addressing only three of Plaintiff's four claims. So, as explained below, Defendant's motion will be granted only to the extent it seeks dismissal of Counts I, II, and III.

# I. BACKGROUND

Plaintiff Maryann Bruder, an Oakland County resident, "has a mortgage with" Defendant Select Portfolio Servicing Inc.[1] ECF No. 1-2 at PageID.21. She alleges that she fell behind on her mortgage payments because of medical issues and requested mortgage assistance from Defendant. *Id.* She further alleges that, after she applied for mortgage assistance, Defendant sent her a letter requesting that Plaintiff submit a "full application." *Id.* Plaintiff contacted Defendant for clarification, and was told her application was under review and no further action was required from her. *Id.*

Despite the direction Plaintiff received over the phone, Defendant then sent Plaintiff a letter informing her that her application was incomplete so her request for mortgage assistance would be denied. *Id.* at PageID.21–22. Plaintiff contacted

---

[1] Although not clear from Plaintiff's Complaint, ECF Nos. 1-1; 1-2, Defendant explains that it was not the "originator" of Plaintiff's mortgage, "but rather the most recent assignee, having been assigned the mortgage by Bayview Loan Servicing on April 17, 2020." ECF No. 6 at PageID.74. Defendant also attached the mortgage and subsequent assignments of the mortgage to its motion to dismiss. *See* ECF Nos. 6-2; 6-3. This Court may take judicial notice of the mortgage and subsequent assignments because it appears the mortgage, ECF No. 6-3, and subsequent assignments, ECF No. 6-2, were all recorded by the Oakland County Register of Deeds. *See Crowton v. Bank of Am.*, No. 18-cv-10232, 2019 WL 423505, at *4 (E.D. Mich. Feb. 4, 2019) (noting that courts may take judicial notice of *recorded* mortgages because they are available public documents, but that courts may not take judicial notice of *unrecorded* mortgages, because they are not publicly available documents).

Defendant, filed an appeal of the denial, and submitted a new application for mortgage assistance. *Id.* at PageID.21. Plaintiff alleges that Defendant scheduled a sheriff's sale at this time and again denied her request for mortgage assistance by a letter that was "identical to the first" letter. *Id.* at PageID.22. The sheriff's sale was scheduled to occur on October 22, 2024.[2] *Id.* at PageID.23.

One day before the sheriff's sale of her house, Plaintiff sued Defendant in state court. *See* ECF Nos. 1-1; 1-2. On November 20, 2024, Defendant removed the case to this Court. ECF No. 1. Defendant then filed a motion to dismiss in January 2025. ECF No. 6.

In March 2025, after Plaintiff had not responded to Defendant's motion to dismiss, this Court directed Plaintiff to show cause why her case should not be dismissed for failure to prosecute. ECF No. 7. Three weeks later, Plaintiff filed a response opposing Defendant's motion to dismiss. ECF No. 8.

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the

---

[2] It is not clear from Plaintiff's pleadings whether the sheriff's sale ultimately occurred as scheduled. *See* ECF Nos. 1-2; 8.

plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."). Otherwise, the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

### III. DISCUSSION

Plaintiff alleges four counts against Defendant. *See* ECF No. 1-2 at PageID.22–23. Defendant seeks dismissal of each count, *see* ECF No. 6 at PageID.79 (seeking dismissal of Plaintiff's entire complaint), so each count will be addressed below.

## A. Plaintiff's MCPA Claim

In Count I, Plaintiff alleges that Defendant violated the Michigan Consumer Protection Act by engaging in "misleading communications." ECF No. 1-2 at PageID.22. Defendant argues this claim must be dismissed because the MCPA does not apply to claims arising out of mortgage loan transactions. ECF No. 6 at PageID.70.

Plaintiff's MCPA claim must be dismissed because Defendant is correct, the MCPA does not apply to residential mortgage loan transactions. As the district court explained in *Chungag v. Wells Fargo Bank, N.A.,* No. 10–14648, 2011 WL 672229 at *4 (E.D. Mich. Feb. 17, 2011), *aff'd,* 489 F. App'x 820 (6th Cir. 2012):

> Section 904(1)(a) of the MCPA expressly provides that it does not apply to "transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). The Michigan Supreme Court, construing § 445.904(1)(a), has held that the MCPA does not apply where "the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Smith v. Globe Life Ins. Co.,* 460 Mich. 446, 597 N.W.2d 28, 38 (Mich. 1999). Following *Smith,* both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions. *See, e.g.*, *Newton v. Bank West,* 262 Mich. App. 434, 686 N.W.2d 491, 494 (Mich. Ct. App. 2004); *Mills v. Equicredit Corp.,* 294 F.Supp. 2d 903, 910 (E.D. Mich. 2003), *aff'd,* 172 F. App'x 652 (6th Cir. 2006).

*Chungag*, 2011 WL 672229, at *4. Here, Plaintiff does not dispute that her MCPA claim arises from a residential mortgage loan transaction. *See generally* ECF No. 8. Thus, the MCPA does not apply, and Count I must be dismissed with prejudice

### B. Plaintiff's TILA Claim

In Count II, Plaintiff alleges that Defendant violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, by failing "to provide clear and accurate disclosures regarding the terms of [her] mortgage." ECF No. 1-2 at PageID.22. Defendant argues this claim must be dismissed too because (1) Plaintiff's claim is barred by the statute of limitations; (2) Defendant's possible liability is limited; and (3) Plaintiff has failed to state a claim. ECF No. 6 at PageID.71.

"Congress enacted TILA in 1968 for the broad purpose of promoting the informed use of credit, by assuring meaningful disclosure of credit terms to consumers" before entering into a credit agreement. *Golliday v. First Direct Mortg. Co.*, No. 1:09-CV-526, 2009 WL 5216141, at *4 (W.D. Mich. Dec. 29, 2009) (citing *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 559 (1980)). Depending on the cause of action, a plaintiff may bring a TILA claim within either one or three years of the date of the occurrence of the TILA violation. *See* 15 U.S.C. §1640(e).

Plaintiff's TILA claims must be dismissed because they were filed beyond the statute of limitations. Defendant is correct that the statute of limitations for TILA claims "begins to run on the date of the alleged violation, which occurs when a

- 6 -

creditor fails to make TILA's required disclosures *prior to* the consummation of the transaction." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 844 (N.D. Ohio 2010) (citing *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973)) (emphasis added). Here, the mortgage transaction was consummated in 2005 when Plaintiff and Union Financial Services signed the mortgage agreement. *See* ECF No. 6-3. Thus, the statute of limitations for a TILA violation began to run, at the latest, in 2005. So, regardless of whether the one-year or three-year statute of limitations applies, that date has long passed.

Plaintiff argues that her claims are within the statute of limitations because her claims did not accrue until October 4, 2024, when she "learned the true basis" for Defendant's rejection of her mortgage-assistance application. ECF No. 8 at PageID.118. But TILA does not require lenders to make certain disclosures when rejecting a mortgage assistance application. *See generally* 15 U.S.C. § 1601 *et seq.*; *see also Begala v. PNC Bank, Ohio, Nat. Ass'n*, 163 F.3d 948, 951 (6th Cir. 1998), as amended (Mar. 26, 1999) (holding that there is "[n]o specific duty to make post-consummation disclosures" under TILA regarding payment changes or deferrals and that each new payment schedule change "cannot be construed as a new credit transaction, triggering TILA's disclosure requirements."). TILA merely requires certain disclosures before *consummating* a credit transaction. And there was no credit transaction consummated in October 2024.

In sum, Plaintiff's TILA claim will be dismissed with prejudice because it was filed beyond the statute of limitations for such a claim.

### C. Plaintiff's Claim Under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act

In Count III, Plaintiff cites the section of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act (MBLSLA) regarding licensees' maintenance of business records and documents and reporting requirements, Mich Comp. Laws § 445.1671. *See* ECF No. 1-2 at PageID.22. The substance of her claim, however, alleges that Defendant violated the MBLSLA by engaging in "misleading practices" and not being transparent. *Id.* Plaintiff clarifies in her response to Defendant's motion to dismiss that she "specifically alleged that Defendant violated the statutory requirement to act in good faith and fair dealing, as well as engaged in fraudulent misrepresentations." ECF No. 8 at PageID.118. She then cites Mich. Comp. Laws § 445.1672 in support of these claims. *Id.* Defendant argues that Plaintiff's MBLSLA claim must be dismissed because (1) Plaintiff fails to state a claim and (2) it does not meet the pleading standard for a fraud claim. ECF No. 6 at PageID.75.

Section 445.1672 of the MBLSLA lists 14 separate violations of the MBLSLA. But, as Defendant points out, no part of § 445.1672 contemplates a duty to act in good faith and fair dealing. Thus, Plaintiff has failed to state a claim to the extent that she alleges Defendant violated a statutory requirement under the

MBLSLA by failing "to act in good faith and fair dealing." ECF No. 8 at PageID.118.

That leaves Plaintiff's claim that Defendant violated the MBLSLA by engaging in "misleading practices," ECF No. 1-2 at PageID.22, and making "fraudulent misrepresentations," ECF No. 8 at PageID.118. Defendant argues that these claims must be dismissed because they do not satisfy the heightened pleading standards for fraud claims. ECF No. 6 at PageID.77.

"Whether a state-law claim sounds in fraud, and so triggers [Federal Rule of Civil Procedure] 9(b)'s heightened standard, is a matter of substantive state law, on which we must defer to the state courts." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Michigan courts have determined that a plaintiff must meet a heightened pleading standard when alleging that a defendant violated the MBLSLA by engaging in fraud, deceit, or material misrepresentations. *See Hagerman v. Mortgage*, No. 13-131729-CH, 2013 Mich. Cir. LEXIS 634, at *22 (6th Cir. Ct. Mich., Nov. 5, 2013); *see also Blackie v. Nat'l City Mortg. Servs. Co.*, No. 11-11143, 2011 U.S. Dist. LEXIS 169855, at *7 (E.D. Mich. Nov. 9, 2011) (noting that a MBLSLA claim for fraudulent misrepresentation "must meet the federal and state rules requiring fraud to be pleaded with particularity.").

To satisfy Civil Rule 9(b)'s "particularity requirement, the plaintiff must: (1) specify the fraudulent statements, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain their fraudulent nature." *Allstate Ins. Co. v. Spine Specialists of Mich., P.C.*, No. 24-cv-11881, 2025 WL 2205814, at *5 (E.D. Mich. Aug. 4, 2025) (citing *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 411 (6th Cir. 2022)). As many courts have paraphrased, "the plaintiff must specify the 'who, what, when, where, and how' of the alleged fraud." *New London Tobacco Mkt.*, 44 F.4th at 411 (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)).

Plaintiff has not pleaded facts sufficient to satisfy Rule 9(b)'s particularity requirement. Although Plaintiff alleges that she had several phone conversations with representatives of Defendant and received several letters by mail from Defendant, it is not clear from her complaint which *specific* statements she alleges were fraudulent. *See generally* ECF No. 1-2 at PageID.21–22. Nor is it clear when these statements were made. *See generally id.* True, Plaintiff attempts to add some additional detail to her allegations of fraudulent misrepresentation in her response. *See* ECF No. 8 at PageID.119. But this attempt falls short, as the 22 pages of correspondence between Plaintiff and Defendant that Plaintiff attaches still does not provide clarity about what *specific statements* in those 22 pages Plaintiff alleges were fraudulent misrepresentations. *See id.* at PageID.123–45.

In sum, Plaintiff has not satisfied the heightened pleading standards for fraud claims, so her MBLSLA claim based upon alleged fraud will be dismissed as well. *See Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 U.S. Dist. LEXIS 117932, at *34 (E.D. Mich. Aug. 21, 2012) (dismissing MBLSLA claim based upon alleged fraud because the plaintiffs did not plead "factual allegations with the specificity required for allegations of fraud."). Thus, Plaintiff's MBLSLA claims asserted in Count III will be dismissed with prejudice.

### D. Plaintiff's Michigan UCC Claim

In Count IV, Plaintiff alleges that Defendant violated the Michigan UCC, Mich. Comp. Laws § 440.9601, through its "actions regarding late payment assistance and sheriff sales." ECF No. 1-2 at PageID.23.

Although Defendant seeks dismissal of Plaintiff's entire complaint, Defendant does not address Plaintiff's Michigan UCC claim at any point in its motion to dismiss, ECF No. 6, or its reply in support of its motion, ECF No. 10. Thus, this Court will not address the merits of Plaintiff's Michigan UCC claim at this juncture, since no developed argument for its dismissal was presented by Defendants. *See McGrew v. Duncan*, 937 F.3d 664, 669 (6th Cir. 2019) (declining to grant a Rule 12(b)(6) motion to dismiss where defendants did not provide any argument for dismissal (quoting *Ruffin v. Cuyahoga Cty.*, 708 F. App'x 276, 278 (6th Cir. 2018))).

Accordingly, Defendant's motion, ECF No. 6, will be denied in part to the extent that Count IV of Plaintiff's complaint may proceed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 6, is **GRANTED IN PART** to the extent that Counts I, II, and III will be dismissed. Defendant's Motion to Dismiss, ECF No. 6, is **DENIED IN PART** to the extent that Count IV will remain.

Further, it is **ORDERED** that Counts I, II, and III of Plaintiff's Complaint, ECF Nos. 1-1; 1-2, are **DISMISSED WITH PREJUDICE**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  September 4, 2025