UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARYANN BRUDER,

Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC.,

Defendant.
_______________________________________/

Case No. 2:24-cv-13075

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER OVERRULING OBJECTIONS (ECF No. 28; 29), ADOPTING REPORT AND RECOMMENDATION (ECF No. 27), AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 19)**

This matter is before this Court on both Parties' objections to Magistrate Judge Curtis Ivy, Jr.'s, report recommending much of Plaintiff Maryann Bruder's Complaint be dismissed. For the reasons explained below, this Court will overrule the objections, adopt the report and recommendation ("R&R") in full, and grant Defendant's motion to dismiss in part and deny it in part.

## I. BACKGROUND

The following facts are taken from Bruder's Amended Complaint.[1] ECF No. 18. Bruder took out a mortgage to purchase her home in March 2005. *Id.*

---

[1] At this stage, this Court accepts the Complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of Jarbo. *See, e.g.*, *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

at PageID.217. At some point thereafter, Defendant Select Portfolio Servicing, Inc. ("SPS") assumed the mortgage. *Id.* Bruder fell behind on payments in August 2024, so she called SPS "to inquire about available loss mitigation options." *Id.* SPS provided her several forms, which she returned "on or about August 7, 2024." *Id.*

Over the next two months, Bruder alleges she called SPS many times to "check on the status of her mortgage assistance application." ECF No. 18 at PageID.218. On August 21, 2024, she received a letter stating that she needed to submit a completed application. *Id.* She called SPS but was advised that her application was already complete. *Id.* Later that month, she received a second letter requesting a new application. *Id.* Again, Bruder called SPS, and again, was advised she should not resubmit documents. *Id.*

However, on September 9, 2024, Bruder received a letter stating that her application was incomplete due to one unchecked box. ECF No. 18 at PageID.218. She immediately called SPS, appealed, and resubmitted a corrected application. *Id.*

During this period, SPS had scheduled a foreclosure sale on Bruder's home. The date of the sale appears to have been a moving target: Bruder alleges that the sale date was not set until after she submitted a completed loss mitigation application on September 9, 2024. ECF No. 18 at PageID.218–19. About a week later, Bruder was informed the sale had been rescheduled to October 22, 2024. *Id.*

SPS has provided an affidavit of publication showing that notice of the sale was published in a newspaper several times between July and August, 2024. ECF No. 19 at PageID.248. That notice states that the sale will take place on September 17, 2024. *Id.*

Bruder filed the operative complaint on November 12, 2025, alleging that SPS violated her statutory rights in relation to her loss mitigation application. *See generally* ECF No. 18. SPS moved to dismiss that Amended Complaint. ECF No. 19. On July 15, 2026, Magistrate Judge Ivy issued an R&R granting the motion to dismiss in large part. ECF No. 27. Specifically, Magistrate Judge Ivy recommended that Bruder's claim for violation of the Real Estate Settlement Procedures Act, 28 U.S.C. § 2601 *et seq*. ("RESPA"), should proceed, and the remainder of her claims should be dismissed. *Id.* at PageID.319. Both parties timely objected to the R&R. *See* ECF Nos. 28; 29. SPS also responded to Bruder's objection. ECF No. 30.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court "may accept, reject, or

modify the" findings and recommendations. FED. R. CIV. P. 72(b)(3); *see also Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. DISCUSSION

### A. SPS's Objections (ECF No. 28)

SPS argues that the R&R erroneously permits Bruder's RESPA claim to proceed for several reasons. It argues that the R&R's finding that the Affidavit of Publication did not establish the date on which the foreclosure was originally scheduled is erroneous, ECF No. 28 at PageID.326, and that Bruder failed to submit a loss mitigation application early enough to take advantage of RESPA's protections, *id*. at PageID.328–29. This Court considers and overrules both in turn.

#### 1. Scheduled Date of Sale

First, SPS argues that the R&R erred in concluding that the record "does not appear to reflect the date on which [Bruder's] foreclosure sale was initially scheduled." ECF No. 28 at PageID.326, n.2; *see* ECF No. 27 at PageID.305, n.1.

SPS is correct that the Affidavit of Publication states that the foreclosure sale was scheduled to take place on September 17, 2024. ECF No. 19 at PageID.248. That notice was published several times. *Id.* However, Bruder's Complaint alleges

the sale was not yet scheduled when Bruder filed her initial application. ECF No. 27 at PageID.301; *see also* ECF No. 18 PageID.219. Given that SPS does not challenge Bruder's allegation that the sale was rescheduled at least once, it remains plausible that the sale was initially scheduled for an earlier date and rescheduled to September 17. *See, e.g.*, ECF No. 27 at PageID.308 (recognizing that "Plaintiff pleads that the August 7, 2024, loss mitigation application was submitted prior to the auction being scheduled"). In turn, the earlier dates might trigger RESPA's deadlines—more on this below. Therefore, this Court finds no error in the R&R's finding that while notice of the September 17 sale was published several times, that notice does not independently establish the *initial* date on which the sale was scheduled.

2. Bruder's Timeliness

Next, SPS argues the R&R erred in permitting Bruder's claim to proceed under RESPA, arguing that she submitted her loss mitigation application too close to the September 17, 2024, sale to take advantage of RESPA protections. ECF No. 28 at PageID.328–29. These objections here are lifted nearly verbatim from SPS's motion to dismiss. *Compare id.* with ECF No. 19 at PageID.235–36. An objection to an R&R is not a place to rehash arguments already rejected. *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (order) ("an objection that . . . simply summarizes what has been presented

before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72.") Therefore, this Court will overrule SPS's objections.

**B. Bruder's Objection (ECF No. 29)**

Bruder also objects, arguing that the R&R erroneously dismissed her claim under Michigan's Uniform Commercial Code, MICH. COMP. LAWS § 440.9601 *et seq*. *See generally* ECF No. 29. The R&R found that Bruder never identified which specific subsection of the U.C.C. she was pleading under, and therefore, she failed to state a claim. ECF No. 27 at PageID.316–17. Now, Bruder argues that she expressly alleged SPS breached its obligations under MICH. COMP. LAWS § 440.1304 and § 440.1204. ECF No. 29. However, Bruder did not raise these arguments (or, in fact, these citations) in response to SPS's motion to dismiss. Parties may not "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Therefore, Bruder's objection is overruled. *See id.*

Finally, Bruder seeks leave to amend her complaint. A motion for leave to amend may not be combined with objections to an R&R. *See* E.D. Mich. LR 7.1(i). Therefore, the Court declines Bruder's request for leave to amend.

**IV. CONCLUSION**

Accordingly, it is **ORDERED** that Defendant SPS's objections, ECF No. 28, are **OVERRULED**.

It is further **ORDERED** and Bruder's objections, ECF No. 27, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 27, is **ADOPTED IN FULL**.

It is further **ORDERED** that SPS's Motion to Dismiss, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 30, 2026